IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-cv-47-DWD |
| | ) |
| DEVAN WOOD, | ) |
| MAKAYLA WOOD a/k/a MAKAYLA | ) |
| MURPHY, and | ) |
| STATE OF ILLINOIS DEPARTMENT | ) |
| OF REVENUE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Plaintiff United States of America brings this action against Defendants Devan Wood, Makayla Wood, and the State of Illinois Department of Revenue (the "Department") for foreclosure. Plaintiff sent the Department a waiver of service on January 14, 2021, which the Department signed and returned on February 2. (Doc. 5) Makayla Wood was served on March 5 (Doc. 8), but neither she nor the Department have appeared or answered the complaint. Devan Wood has signed a stipulation waiving personal service and the right to answer the complaint and consenting to entry of a judgment of foreclosure. (Doc. 27-1) On Plaintiff's motions, the Clerk of Court entered default against all three defendants. (Docs. 16, 20 & 24)

On September 30, 2021 Plaintiff moved for default judgment against Defendants. (Doc. 27) Illinois law permits a judgment of foreclosure when the allegations in the complaint are not denied in a verified answer and the plaintiff has provided a sworn

verification of the facts in the complaint or a separate affidavit setting forth the facts. 735 ILCS 5/15-1506(a)(1). When a sworn verification or affidavit has been provided, a court may enter a judgment of foreclosure for the amount stated in the complaint on a "motion supported by an affidavit stating the amount which is due the mortgagee." 735 ILCS 5/15-1506(a)(2). Meleah Smith, the Illinois Housing Program Director for Rural Development, United States Department of Agriculture, provided a sworn declaration affirming the facts stated in the complaint and stating the amount due the mortgagee. (Doc. 25-2)

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1345. Venue is proper under 28 U.S.C. § 1391 because the property that is the subject of the action is located within the Southern District of Illinois. The Court finds that Plaintiff has met all of the requirements for default judgment under the Federal Rules of Civil Procedure, the local rules of this Court, and the applicable federal and state statutes. Therefore, the Court **GRANTS** Plaintiff's motion for default judgment (Doc. 27) and finds as follows:

1. Plaintiff, acting through the United States Department of Agriculture, Rural Development (formerly Farmers Home Administration), made a loan to Christopher R. Murphy and Melissa E. Murphy, which was secured by a mortgage dated May 10, 1997, in the total principal amount of $72,000.00. (Doc. 1-1 at 1–6) This loan was assumed by Devan Wood and Makayla Wood. (Doc. 1-1 at 10) The mortgage was recorded on May 11, 2007 in Mortgage Record Doc. No. D160613, Clay County, Illinois. That loan is evidenced by a promissory note dated May 10, 2007. (Doc. 1-1 at 7–9) Defendants Devan

Wood and Makayla Wood defaulted on the note. On February 13, 2018, Plaintiff, acting through the United States Department of Agriculture, Rural Development, issued notices of acceleration. (Doc. 1-1 at 11–25) The property has been abandoned as set forth in the affidavit of abandonment dated October 8, 2020. (Doc. 1-1 at 26)

  2. The following are the names of persons who may have claimed an interest in the property described above but who are foreclosed from asserting their claim, if any, because of their default in this action: Devan Wood, Makayla Wood n/k/a Makayla Murphy, and the State of Illinois Department of Revenue.

  3. By virtue of the mortgage and indebtedness thereby secured, Plaintiff has a valid and subsisting lien as follows:

>Common address: 911 Lamson Street, Flora, Illinois 62839
>
>Lot Number Five (5) in Block Number 3 (3) in Joe Johnson's First Addition to the City of Flora, Clay County, Illinois.
>
>Property Tax # 10-26-203-003

  4. By virtue of the mortgage and the indebtedness thereby secured, as alleged in the complaint, there is due to Plaintiff as follows:

   (a) For its own use and benefit for the costs of this suit and for:

| | |
|---|---|
| U.S. Attorney's docket and recording fees | $475.00 |
| U.S. Marshals costs for service of summons | $484.24 |
| Fee to publish notice of pendency of action | $666.00 |
| Escrow/Impound | $689.45 |
| Late Charges | $88.40 |

|  |  |
|---|---|
| Interest on Fees | $1,169.24 |
| Title expenses | $150.00 |
| Caretaker Expenses | $3,500.00 |
| Escrow Expenses | $8,709.40 |
| TOTAL | $15,931.73 |

(b) For the use and benefit of the plaintiff, holder of the note secured by the mortgage aforesaid, but subject and subordinate to the lien for payment of the items mentioned in subparagraph (a) of this paragraph:

|  |  |
|---|---|
| Unpaid principal balance | $67,236.71 |
| Accrued interest at $12.5393 per day due and unpaid as of July 20, 2021 | $15,199.48 |
| TOTAL | $82,436.19 |
| Total amount due plaintiff as of July 20, 2021, including costs detailed in 4(a) | $98,367.92 |

(c) In addition, the plaintiff may be compelled to advance various sums of money in payment of costs, fees, expenses and disbursements incurred in connection with the foreclosure, including, without limiting the generality of the foregoing, filing fees, stenographer's fees, witness fees, costs of publication, costs of procuring and preparing documentary evidence and costs of procuring abstracts of title, certificates, foreclosure minutes and a title insurance policy.

(d) Under the terms of the mortgage, all such advances, costs and other fees, expenses and disbursements are made a lien upon the mortgaged real estate and the plaintiff is entitled to recover all such advances, costs, expenses and disbursements, together with interest on all advances at the rate provided in the mortgage, or, if no rate is provided therein, at the statutory judgment rate, from the date on which such advances are made.

    (e)    In order to protect the lien of the mortgage, it may or has become necessary for plaintiff to pay taxes and assessments which have been or may be levied upon the mortgaged real estate.

    (f)    In order to protect and preserve the mortgaged real estate, it may also become necessary for the plaintiff to make such repairs to the real estate as may reasonably be deemed for the proper preservation thereof.

    (g)    Under the terms of the mortgage, any money so paid or expended has or will become an additional indebtedness secured by the mortgage and will bear interest from the date such monies are advanced at the rate provided in the mortgage, or, if no rate is provided, at the statutory judgment rate.

6.    Clay County, Illinois, has a valid lien on the above-described property for tax for the year 2020, and the property will be sold subject to the interest of Clay County, resulting from taxes, general or special, which are a valid lien against the above-described property.

Therefore, it is ORDERED that judgment is entered against Devan Wood and Makayla Wood for $98,367.92, and unless Defendants and/or their assigns and successors in interest to the above-described property pay to Plaintiff, acting through the United States Department of Agriculture, Rural Development, within three days from the date of this decree the sum of $98,367.92 with attorney's fees and court costs with lawful interest to be computed thereon from this date until paid, the above-described property shall be sold at public sale to the highest bidder for 10% at time of sale and balance within 72 hours, subject to taxes, general or special, due and owing to Clay County, Illinois, by the United States Marshal for the Southern District of Illinois at the front door of the Clay County Courthouse in the City of Louisville, Illinois.

It is further ORDERED that judgment is entered in favor of Plaintiff and against Devan Wood, Makayla Wood, and the State of Illinois Department of Revenue. The real estate shall be sold free and clear of any claimed lien of Devan Wood, Makayla Wood, and the State of Illinois Department of Revenue.

It is further ORDERED that the United States Marshal for the Southern District of Illinois shall give public notice of the time, place, and terms of such sale, together with a description of the above-described premises to be sold, by previously publishing the same once each week for three consecutive weeks as provided by law in a secular newspaper of general publication in the State of Illinois, the first publication to be not less than four weeks before the date of such sale; that said United States Marshal may adjourn the sale so advertised by giving public notice by proclamation; that the plaintiff or any of the parties to this cause may become the purchaser or purchasers at such sale; that upon such sale being made, the United States Marshal shall execute and deliver to the purchaser or purchasers a certificate of sale and that said certificate of purchase shall be freely assignable by endorsement thereon.

This is a foreclosure of a mortgage of residential real estate.

The amount required to redeem shall consist of the total balance due as declared above plus interest thereon at the statutory rate hereunder and all additional costs and other expenses allowed by the Court.

If the purchaser at the judicial sale of residential real estate is a mortgagor who is a party to this proceeding or its nominee, and if the sale price is less than the amount required to redeem specified in 735 ILCS § 5/15-1604, an owner of redemption has a

special right to redeem for a period ending 30 days after the date the sale is confirmed by paying the mortgagee the sale price plus all additional costs and expenses incurred by the mortgagee set forth in the report of sale and confirmed by this Court.

The above-described mortgaged real estate has been abandoned. Consequently, the redemption period pursuant to 735 ILCS § 5/15-1603 shall end at the later of the expiration of the period of reinstatement as provided in 735 ILCS § 5/15-1602, or 30 days after entry of this judgment of foreclosure pursuant to 735 ILCS § 5/15-1603(b)(4).

It is further ORDERED that out of the proceeds of such sale the United States Marshal shall retain his disbursements and fees, and out of the remainder of said proceeds he shall pay to the plaintiff $98,367.92, together with lawful interest to be computed thereon to the date of this decree and any court costs of this action in its behalf. Said United States Marshal shall take receipts from the respective parties from whom he may make payments aforesaid and file the same together with his report of sale to this Court, and in case said property shall sell for a sum more than sufficient to make the aforesaid payments, then after making said payments he shall bring such surplus monies into Court without delay for further distribution by order of this Court.

It is further ORDERED from the date of entry of this judgment of foreclosure through the 30th day after a foreclosure sale conducted pursuant to this judgment is confirmed by this Court, the mortgagors shall be entitled to retain possession of the above-described real estate. After the 30th day said foreclosure sale is confirmed, the holder of the certificate of sale shall be entitled to immediate possession of the real estate upon payment of the sale purchase price, without notice to any party or further order of

the Court. The mortgagors shall peaceably surrender possession of said property to said certificate holder immediately upon expiration of the said 30-day time period. In default of mortgagors so doing, an order of ejectment shall issue.

It is further ORDERED that upon or after confirmation of sale, the person who conducted the sale or the Court shall execute a deed to the holder of the certificate of sale sufficient to convey title, which deed shall identify the Court and the caption of the case in which judgment was entered authorizing issuance of the deed. Signature and the recital in the deed of the title or authority of the person signing the deed as grantor, of authority pursuant to this judgment, and of the giving of the notices required by statute shall be sufficient proof of the facts recited and of such authority to execute the deed, but such deed shall not be construed to contain any covenant on the part of the person executing it.

Delivery of the deed executed on the sale of the real estate, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass the title thereto. Such conveyance shall be an entire bar of (i) all claims of parties to the foreclosure and (ii) all claims of any non-record claimant who is given notice of the foreclosure as provided by statute.

It is further ORDERED that if the monies arising from said sale shall be insufficient to pay sums due to Plaintiff with interest as aforesaid after deducting the costs as aforesaid, said United States Marshal shall specify the amount of said deficiency in his report.

It is further ORDERED that the Court hereby retains jurisdiction of the subject matter of this cause and the parties thereto for the purpose of enforcing this decree and that said United States Marshal shall report his actions and doings in the premises in this Court at the earliest possible time.

**SO ORDERED.**

Dated: October 5, 2021

_____
DAVID W. DUGAN
United States District Judge